**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE UNITED STATES OF AMERICA | : <br> : <br> : <br> : <br> : **CASE NO.: 24-cr-00708-JHR-1** <br> : <br> - against - : <br> : <br> : <br> **DONOVAN HALL** : <br> : <br> Defendant. : <br> : <br> : |

**SENTENCING MEMORANDUM IN SUPPORT OF SENTENCING &**
**MOTION FOR VARIANCE FROM ADVISORY GUIDELINES**
**ON BEHALF OF DEFENDANT DONOVAN HALL**

## I. PRELIMINARY STATEMENT

Defendant Donovan Hall, through counsel, respectfully submits this memorandum to assist the Court in determining the appropriate disposition at his sentencing scheduled for October 30, 2025, at 11:30 A.M.

Mr. Hall stands before this Court humbled, remorseful, and committed to changing the course of his life. From the earliest stages of this case, he accepted responsibility and has spent the past two years confronting the emotional and psychological issues that contributed to his conduct. While every defendant has an incentive to plead guilty and seek credit for acceptance of responsibility, in Mr. Hall's case his decision was not driven by strategy or calculation; it was an act of conscience and acknowledgment that accepting responsibility was the right thing to do.

This memorandum does not seek to excuse Mr. Hall's behavior. Rather, it is intended to provide the Court with a fuller understanding of the person before it and the personal, psychological, and social factors that explain how he arrived here. The Presentence Report, XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXX, and the letters from family, friends, and employers show that this case is not one of malice or hatred, but of emotional instability, impulsivity, and unaddressed trauma.

Mr. Hall is not a violent individual and does not pose a continuing danger to the community. His conduct was impulsive and reactive, not premeditated or predatory. Over the past two years, he has worked diligently to address his mental-health challenges, maintain sobriety, and reflect deeply on the harm he caused. XXXXXXX XXXXXXXX strong community support demonstrate that his risk of reoffense is low and that rehabilitation is genuine and achievable.

As set forth below, the factors under 18 U.S.C. § 3553(a) support a sentence below the advisory guideline range. A balanced sentence emphasizing treatment, structure, and accountability rather than prolonged incarceration will best promote justice, rehabilitation, and public safety.

## II. PERSONAL HISTORY AND CHARACTERISTICS

Mr. Hall's life has been defined by instability, trauma, and perseverance. He grew up in Florida in a fractured household marked by volatility and neglect. His parents divorced when he was eleven, and he spent much of his youth moving between relatives. This instability left deep emotional scars that later manifested as impulsivity and anger. Despite these hardships, he has demonstrated resilience and a genuine capacity for growth.



███████████████████████████████████████████
███████████████████████████████████████████
█████████████████. Despite these challenges, Mr. Hall graduated from high school but never had the chance to pursue further education or develop coping skills that come with maturity and guidance.

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████ ████████████████ with consistent therapy and medication compliance, Mr. Hall's risk of reoffense is low.

Mr. Hall's adolescence was also marked by substance abuse and isolation. He began drinking and using drugs as a teenager, ultimately experiencing two overdoses and several hospitalizations. Through determination and family support, he entered rehabilitation, completed treatment, and has now remained free from hard drugs for

more than eleven years. This long-term sobriety powerfully demonstrates his capacity for self-discipline and adherence to treatment when provided structure and support.

Letters submitted to this Court portray a man who, despite serious setbacks, has built loyal relationships and earned the respect of those who know him best. His father describes him as someone who protects the weak (Letter from Mr. Hall's Father, **Exhibit B**). His mother calls him kind, generous, and loving (Letter from Mr. Hall's Mother, **Exhibit C**). His brother notes that he has become a central figure in their family and an important presence in the lives of his nieces and nephews (Letter from Mr. Hall's Brother, **Exhibit D**). His grandparents recall a child who was gentle, compassionate, and always willing to help others (Letter from Mr. Hall's Grandparents, **Exhibit E**).

Dr. Hector McFarquhar, a veterinarian, and his wife, Dr. Heather Perry, have known Mr. Hall for over twenty years. They describe him as loyal, responsible, and caring - a person who lived with their family, helped raise their children, and became godfather to their sons (Letters from Dr. McFarquhar and Dr. Perry, **Exhibit F**). Dr. Perry recounts that during her recent medical crisis, Donovan was the only person who immediately offered to help.

Taken together, these accounts depict a man whose instincts are to care for others and whose mistakes stemmed from emotional vulnerability rather than hostility. With continued treatment, he can continue his progress and return to being a productive and compassionate member of society.

### III. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

The conduct in this case was serious and understandably caused fear. Between 2023 and 2024, Mr. Hall made a series of threatening communications that were inflammatory and disturbing. He recognizes the harm caused by his words and accepts full responsibility for that behavior. This case, however, does not involve violence, weapons, or planning. There is no evidence that Mr. Hall ever intended to carry out

physical harm. His statements were impulsive expressions of anger and frustration, not calculated threats. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

The offense also took place against the backdrop of the Israel-Gaza conflict. Mr. Hall reacted to those events with confusion and anger, expressing himself in ways that were wrong and deeply regrettable. He now understands that his words, even if never intended to be acted upon, understandably caused fear and distress to others. He accepts full responsibility for that harm.

Mr. Hall's actions were the misguided expression of a man struggling to manage his emotions. Mr. Hall has shown profound remorse, both in his communications to the Court and to his family. He recognizes that his conduct contradicted his own values of compassion, fairness, and respect for others.

### IV. APPLICATION OF 18 U.S.C. § 3553(a)

The advisory guideline range of 41 to 51 months does not fully account for Mr. Hall's history, mental-health diagnoses, or demonstrated rehabilitation. The Court must impose a sentence sufficient but not greater than necessary to achieve the purposes of sentencing. *See United States v. Booker*, 543 U.S. 220 (2005).

Mr. Hall's conduct arose from mental-health challenges and emotional dysregulation, not criminal intent. His history of instability, addiction recovery, and therapy shows that his behavior can be corrected through continued treatment and supervision.

A below-guideline sentence would meet the goals of punishment, deterrence, and rehabilitation. Continued therapy and structured supervision can address the causes of his behavior more effectively than extended incarceration. Research and

decisions in this District confirm that community-based treatment programs reduce recidivism and promote public safety.

Courts in similar cases have granted downward variances where mental illness and trauma were primary drivers of conduct. A sentence of twenty four months would be sufficient, but not greater than necessary, to satisfy the purposes of Section 3553(a).

## V. REENTRY PLAN AND CONDUCT WHILE IN CUSTODY

Since his arrest, Mr. Hall has done everything within his power to take responsibility and better himself. His record at the Metropolitan Detention Center is clean, without a single disciplinary infraction.

He has completed programs in anger management, communication, and emotional regulation and earned multiple certificates, each addressing the core issues that contributed to this offense (Certificates of Completion, **Exhibit G**). To provide the Court with a meaningful glimpse into daily life at the Metropolitan Detention Center, Mr. Hall has included a diary documenting the month of February 2025. Despite the extremely challenging conditions marked by frequent lockdowns, prolonged cell confinement, and the suspension of educational and rehabilitative programming (MDC Documentation, **Exhibit H**) his writings reflect both the hardships of confinement and his continued effort to maintain stability and self-reflection under those circumstances., he has maintained a positive attitude and consistently used his time productively. His coursework includes Self Worth, My Coping Skills, The Family Workbook, Daily Life, Managing My Emotions, The National Parenting Program Phase One, and Practicing Gratitude.

Upon release, Mr. Hall will live in a structured and supportive environment. Dr. McFarquhar and Dr. Perry have offered him both housing and full-time employment at their veterinary clinic in Mesa, Arizona. They will assist with therapy, provide transportation, and help ensure compliance with all supervision conditions. He also

plans to resume psychotherapy focused on anger management and to participate in relapse-prevention counseling at Sequoia Health or Brain Solutions in Mesa.

Mr. Hall has created a personal accountability plan that includes daily journaling, regular exercise, and weekly contact with his family. He intends to volunteer at a local animal shelter, continuing the caring work that has always given him purpose and stability.

In his own words, Mr. Hall expressed the following:

> [t]oday I have a chance to speak for myself and say all the things I have thought about for the past year. This time has given me an opportunity to stand back and take a look at the person I was, and that person was an extremely angry individual that was disguising my hate with what I believed was opinionated passion. There are people that absolutely did not deserve to be treated the way I was treating them. I wanted to champion for a cause and hunt down the bullies, not realizing that it was me the whole time. In my moments of loneliness and boredom I would seek out trouble and become a part of it. Now it is time for me to accept this reality and offer my apologies to the victims and their families. And to all of them, I am full of regret for being this person to you. I am sorry for disrupting your lives, and now I will do my best to change what made me act in such an idiotic manner. No one deserves to endure that level of lunacy, and there is no excuse for it.

**Exhibit I**, Defendant's Personal Statement.

Mr. Hall's words show genuine remorse and insight. They reflect not a person seeking sympathy, but one who has accepted full accountability. A true and accurate copy of Defendant's full Personal Statement is attached hereto as **Exhibit I**.

## VI. RECOMMENDATION

For the reasons set forth above, the Defense respectfully requests that the Court impose a sentence below the advisory guideline range.

A sentence of twenty four (24) months, followed by three years of supervised release with conditions of mental-health and anger-management treatment, would be sufficient but not greater than necessary to accomplish the goals of sentencing.

Such a sentence would acknowledge the seriousness of the offense while recognizing Mr. Hall's extraordinary progress in acknowledging and addressing his mental-health issues, maintaining sobriety, and rebuilding his life. It would allow him to continue therapy and return to a stable environment where he will work, receive treatment, and remain accountable under supervision.

Mr. Hall does not ask the Court to overlook his conduct, only to view it in its proper context - as a painful but transformative chapter in a life otherwise defined by compassion, loyalty, and perseverance.

Dated: October 16, 2025
New York, NY

Respectfully submitted

/S/_____
Todd A. Spodek
Spodek Law Group P.C.
The Woolworth Building
233 Broadway, Suite 710
New York, NY 10279
Main: (212) 300-5196
Fax: (212) 300-6371
Mobile: (347) 292-8633
ts@spodeklawgroup.com
*Attorneys for Defendant Donovan Hall*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 16th day of October 2025, I electronically filed this Sentencing Memorandum On Behalf Of Donovan Hall and the exhibits annexed thereto, using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/S/_____
Todd A. Spodek
Spodek Law Group P.C.
*Attorneys for Defendant Donovan Hall*