

**SPODEK LAW GROUP** P.C.

*Treating you like family since 1976*

**Todd A. Spodek, Esq.**
Direct Dial: (347) 292-8633
ts@spodeklawgroup.com

December 5, 2025

**BY ECF:**

Hon. Jennifer Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12B
New York, NY 10007

> **MEMO ENDORSED**
> **(page 2)**

RE:   *United States of America v. Donovan Hall*
      1:24-cr-00708-JHR

Dear Judge Rearden:

As this Court is aware, this office represents Defendant Donovan Hall ("Defendant" or "Mr. Hall") with respect to the above referenced matter. Our office writes to Your Honor today, pursuant to Your Honor's Order (ECF Dkt. Entry No. 28) of December 2, 2025, directing our office to file a letter motion with the Court as to the sentencing submission by our office on behalf of Mr. Hall. Accordingly, pursuant to Your Honor's Individual Rules and Practices in Criminal Matters Rule 10, our office hereby submits the instant letter as to Mr. Hall's submission.

On or about October 17, 2025 Defendant filed his sentencing submission (ECF Dkt. Entry No. 25). Within this submission, counsel for Defendant redacted certain information as per Your Honor's Individual Rules and Practices in Criminal Matters Rule 10(A). Accordingly, counsel for Defendant hereby certifies that any and all redactions made within the sentencing submission concern issues outlined in Your Honor's Individual Rules and Practices in Criminal Matters Rule 10(A).

Specifically, the redactions pertain to Defendant's medical diagnosis and treatment, which as per Your Honor's Rules, are permitted to be redacted without this Court's prior approval. Further, with respect to the exhibits to Defendant's sentencing submission, counsel for Defendant hereby further certifies that any and all redactions made comport with Your Honor's Individual Rules and Practices in Criminal Matters Rule 10(A), as they concern personally identifying information (email addresses, and phone numbers). As such, counsel for Defendant submitted the redacted sentencing submission without seeking this Court's prior approval. If Your Honor finds that counsel has improperly redacted information within the sentencing submission, counsel for Defendant will promptly correct such errors.



**Todd A. Spodek, Esq.**
Direct Dial: (347) 292-8633
ts@spodeklawgroup.com

Defendant and his counsel thank the Court for its time and attention to this matter.

Respectfully Submitted,

**SPODEK LAW GROUP, P.C.**

/s/

_____

BY:    Todd A. Spodek, Esq.
       *Attorneys for Defendant*
       233 Broadway, Suite 710
       New York, NY 10279
       (212) 300-5196

Pursuant to Rule 10 of the Court's Individual Rules in Criminal Cases, "medical records [including information regarding treatment and diagnosis]" may be redacted without Court approval. R.10 (brackets in original); *see Dabiri v. Fed'n of States Med. Boards of the United States, Inc.*, No. 08-CV-4718 (EK), 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023) (sealing records that contained "detailed medical information"). "[R]eferences to Defendant's medical condition and his medical records," however, where Defendant "chose[] to introduce the medical information in an attempt to mitigate his sentence," do not warrant sealing. *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (declining to seal such references); *see* October 30, 2025 Sentencing Tr. 11:21-25; 12:1-2; 13:12-15; 19:19-21 (referring to psychological evaluation and arguing that mental health issues affected Defendant's conduct); *see also United States v. King*, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (declining to redact "records relat[ing] to medical conditions that the Court ha[d] been asked to consider in arriving at the sentence in th[e] case" where they were "neither extensive, nor [] [] delve[d] into extraneous matters"); *McGuire v. Town of Cheektowaga*, No. 20 Civ. 1632, 2024 WL 4008740, at *2 (W.D.N.Y. Aug. 29, 2024) ("Even where medical records may be sealed, [] courts have declined to seal other references to a party's health made in a court filing."). Accordingly, counsel shall remove all redactions on pages 2 and 5 of Defendant's sentencing memorandum, ECF No. 24. Counsel shall also remove all redactions on page 3, except for the second sentence of the fourth paragraph.

The Clerk of Court is directed to terminate ECF No. 29.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: February 13, 2026